# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 23, 2010

Charles R. Fulbruge III
Clerk

No. 09-50296
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMON GANDARA, also known as Eric Cabral,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-3174-2

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ramon Gandara appeals from the sentence imposed following his guilty plea and conviction for conspiracy to possess with intent to distribute at least 500 grams of cocaine and possession with intent to distribute at least 500 grams of cocaine. The district court sentenced Gandara to 72 months of imprisonment and to a five-year term of supervised release. On appeal, Gandara argues that his sentence was substantively unreasonable because: (1) the drug-trafficking guideline (U.S. Sentencing Guidelines Manual § 2D1.1 (2008)) tends to overstate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the sentence necessary in a mine-run case because it is not based upon empirical data; and (2) his personal history and circumstances, particularly his cultural assimilation into the United States, warrant a sentence at the lower end of the guidelines range.

As Gandara did not object to the reasonableness of his sentence in the district court, this court's review is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). His challenge to the drug-trafficking guideline based upon its alleged lack of supporting empirical data lacks merit. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *United States v. Campos-Maldonado*, 531 F.3d 337, 338-39 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). Accordingly, his within-guideline sentence is afforded a presumption of reasonableness. *See Mondragon-Santiago,* 564 F.3d at 367. Gandara has not shown sufficient reason for this court to disturb that presumption.

The district court's judgment is AFFIRMED.